# The State *v.* Sikes.

*Habeas Corpus.*

(Decided July 6th, 1906.   41 So. Rep. 777.)

1. *Criminal Law; Bail; Appeal by State; Exceptions.*—It is not necessary to show on an appeal by the State from a judgment on habeas corpus admitting a prisoner to bail, under Section 4314, Code 1896, that an exception was reserved on the trial to the rendition of the judgment, especially when the judgment recites notice of appeal given by the State at the time of the rendition of the judgment.

2. *Same; Time.*—Where the bill of exceptions was signed within the time fixed by the court, and within the thirty days allowed by Section 4126, Code 1896, it was signed in time and the appeal taken in time.

3. *Same; Omitting Evidence; Review.*—This court will not, on appeal, review the judgment of the lower court on the facts, where the bill of exceptions does not purport to set out all the evidence.

APPEAL from Crenshaw Probate Court.
Heard before HON. F. M. TANKERSLEY.

[The State v. Sikes.]

Habeas corpus on petition of Walton Sikes. From an order granting bail, the state appeals.

The facts touching the appeal and the signing of the bill of exceptions are stated in the opinion of the court.

MASSEY WILSON, Attorney-General, and C. R. BRICKEN Solicitor for State.—No brief came to the reporter.

D. M. POWELL and F. B. BRICKEN, for appellee.— Neither the judgment entry or the bill of exceptions show an exception reserved to the ruling of the court in allowing bail, and the presumption is that none was taken. The bill of exceptions does not purport to set out all the evidence and the presumption is that there was evidence in the case authorizing the court to allow bail. —*Hudson v. Grocery Co.,* 105 Ala. 201. In cases of this character the finding of the trial court will not be disturbed unless the record shows it to be clearly and manifestly erroneous.—*Ex parte Richardson,* 96 Ala. 110; *Ex parte Sloan,* 95 Ala. 22; *Ex parte Nettles,* 58 Ala. 275; *Ex parte McAnally,* 53 Ala. 495; *Ex parte Allen,* 55 Ala. 258. The bill of exceptions was not signed in time.

DOWDELL, J.—The appeal in this case is prosecuted by the state from an order of the probate judge admitting the appellee on his petition for writ of habeas corpus to bail, while being held in custody under an indictment charging him with a capital offense. In such a case as the one before us, code 1896, § 4314, authorizes an appeal by State. In order to support the appeal under this section, it is not necessary to show that the state, at the time the judgment was rendered admitting the petitioner to bail, reserved an exception to the rendition of the judgment. Notice of the appeal was given by the state at the time of the judgment rendered admitting petitioner to bail, and the judgment so recites. The appeal, therefore, was taken within 30 days, as provided in section 4316 of the criminal code of 1896.

There is no merit in the question raised on the signing of the bill of exceptions. The bill of exceptions was

signed within the 30 days fixed by the judge for the signing of the same, and this was within the time allowed by the statute (section 4316) for taking the appeal. The bill of exceptions does not purpose to set out all of the evidence introduced on the hearing. In this state of the record, we are unable to say that the judge of probate before whom the hearing was has erred in admitting the petitioner to bail. The rule is well settled that in appeals from judgments of trial courts, where the bill of exceptions fail to set out all of the evidence, the judgment on the facts will not be disturbed. We fail to see why this rule is not applicable to a case like the one before us. It results that the order of the probate judge admitting the petitioner to bail must be affirmed.

Affirmed.

WEAKLEY, C. J., and ANDERSON and DENSON, JJ., concur.